UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOPE HENTON-PLATT | : | |
|     Plaintiff, | : | |
| | : | No. 3:17-CV-1690 (VLB) |
| v. | : | |
| | : | |
| UNITED TECHNOLOGIES | : | October 30, 2018 |
| CORPORATION, PRATT & | : | |
| WHITNEY DIVISION | : | |
|     Defendant. | : | |
| | : | |
| | : | |

## MEMORANDUM OF DECISION DISMISSING CASE

Plaintiff alleges that Defendant United Technologies Corporation, Pratt & Whitney Division discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq*. [Dkt. 17 (Amended Complaint)]. Plaintiff's attorney filed a motion to withdraw on July 20, 2018, citing her upcoming retirement. [Dkt. 29]. The Court granted the motion, allowing Plaintiff until September 1, 2018 to find new counsel. [Dkt. 30]. Plaintiff filed a motion for extension of time to find an attorney on July 23, 2018, which the Court granted. [Dkt. 32]. Plaintiff represents that she does not wish to proceed pro se, but that she filed a pro se appearance in order to receive court filings. [Dkt. 37]. On October 17, 2018, Defendants requested a discovery dispute conference, informing the court that Plaintiff represented to Defendant that she planned to find new counsel by the third week in November. [Dkt. 36, Exhibit C]. Defendant alleges that Plaintiff fails to comply with her discovery obligations, in spite of Defendant's serving written discovery requests on Plaintiff in May of 2018. [Dkt. 36, at 2]. Plaintiff then

filed a Motion for Extension of time until mid-February to obtain an attorney. [Dkt. 37].

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Trial courts may also dismiss cases for failure to prosecute *sua sponte*. *Martens v. Thomann*, 273 F.3d 159, 179 (2d. Cir. 2001). Mindful of the months of delay Plaintiff's failure to prosecute has caused, balancing plaintiff's right to an opportunity for a day in court with the need to alleviate court calendar congestion, and considering prejudice to the defendant that may result from further delay, the Court finds that dismissal without prejudice is the appropriate remedy. *See U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d. Cir. 2004) (listing factors district courts must examine when dismissing for failure to prosecute).

For the foregoing reasons, the Court dismisses the case, *sua sponte*, without prejudice and without costs or fees to either party. Plaintiff may move to re-open the case on or before <u>February 28, 2019</u> once she secures representation and is ready to proceed. This deadline may be extended for good cause under D. Conn. Local R. 7(b).

      IT IS SO ORDERED

      _____/s/_____

      Hon. Vanessa L. Bryant
      United States District Judge

Dated at Hartford, Connecticut: October 30, 2018.